UNITED STATES DISTRICT COURT,

EASTERN DISTRICT OF MICHIGAN

---

Jeffery HAMAN,                                                      Case No. 11-13587

                                       Plaintiff,

                                                                                 Hon. _____

v

Officers Ross, Priest, Sullivan, and Pylak,
individually and in their official capacities
as Police Officers for the City of Warren Police Department,
William Dwyer, individually and in his official capacity
as Police Commissioner for the City of Warren Police Department,
Jere Green, in his official capacity as Police Commissioner
for the Police Department of Warren, Michigan,
the Police Department of Warren, Michigan, and
the City of Warren, Michigan;

                                                           Defendants.
_____/

Steven W. Dulan (P54914)
The Law Offices of Steven W. Dulan, PLC
Attorney for Plaintiff
1750 East Grand River Avenue, Suite 101
East Lansing, Michigan 48823
Telephone:  (517) 332-3149
_____/

## PLAINTIFF'S COMPLAINT AND REQUEST FOR DAMAGES AND DEMAND FOR JURY TRIAL

    NOW COMES Plaintiff, Jeffery Haman, by and through his attorney, The Law Offices of Steven W. Dulan, P.L.C., and for his Complaint states the following:

## Introduction

1. Jeffery Haman (hereafter Plaintiff), after being assaulted, battered, and falsely imprisoned, and then unreasonably searched and seized was deprived of his due process and liberty rights guaranteed by the Michigan Constitution, the United States Constitution, and federal statute 42 U.S.C §1983 et seq, by government officials acting in concert and under color of state law.

## Parties, Jurisdiction, and Venue

2. Plaintiff restates and incorporates by reference paragraph 1 of this Complaint.

3. Plaintiff is an individual who resides in Warren, Michigan.

4. Defendant Officer Ross is a law enforcement officer for the City of Warren, Michigan.

5. Defendant Officer Priest is a law enforcement officer for the City of Warren, Michigan.

6. Defendant Officer Sullivan is a law enforcement officer for the City of Warren, Michigan.

7. Defendant Officer Pylak is a law enforcement officer for the City of Warren, Michigan.

8. Defendant Commissioner Dwyer was the Police Commissioner for the City of Warren, Michigan at the time the events giving rise to this action occurred.

9. Defendant Commissioner Green is the Police Commissioner for the City of Warren, Michigan.

10. Defendant City of Warren Police Department ("Police Department") is a police department existing under and operating according to the laws of the State of Michigan within the Eastern Judicial District of the State acting as an agent for the City of Warren.

11. Defendant City of Warren ("Warren" or the "City") is a municipal corporation organized and existing under the laws of the State of Michigan having authority, duties, and powers as provided under the laws of the State of Michigan and the Ordinances of the City of Warren, which acts through its agent, Defendant City of Warren Police Department.

12. The Police Department had the responsibility for hiring, training, supervising, disciplining, and retaining police officers it employed, including those individually named as defendants in this suit.

13. The amount in controversy in this action exceeds Seventy-Five Thousand Dollars ($75,000.00).

14. This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

15. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), as the actions alleged herein occurred in the Eastern District of Michigan.

**General Allegations**

16. Plaintiff restates and incorporates by reference paragraphs 1-15 of this Complaint.

17. Plaintiff was neither charged with nor convicted of any criminal law violation.

18. On August 25, 2009, at approximately 2:15 p.m., Plaintiff was walking down the street legally, openly carrying his pistol in a holster on his hip.

## Count 1 – Assault and Battery

19. Plaintiff restates and incorporates by reference paragraphs 1-18 of this Complaint.

20. Defendant Ross drew his weapon and aimed it at Plaintiff while approaching him.

21. Defendant Ross handcuffed Plaintiff's hands behind Plaintiff's back after ordering Plaintiff to the ground and onto Plaintiff's stomach.

22. Defendant Ross then grabbed the chains between the cuffs, lifting the Plaintiff straight up, forcefully, without prior notification to stand, causing his knees to drag on the sidewalk, lacerating them, and causing them to bleed.

23. Defendant Ross then took Plaintiff's gun from his holster.

24. At some time prior to or immediately after these events, Defendants Sullivan, Priest, and Pylak arrived on the scene.

25. Plaintiff was asked by one of the Defendants present if he had paperwork. Plaintiff responded that he had paperwork in his wallet in his right rear pocket, but did not suggest or consent to its removal. Defendant Ross removed Plaintiff's wallet from Plaintiff's pocket without consent.

26. Defendant Ross kept Plaintiff's possessions for approximately 10 to 15 minutes.

## Count 2 – False Imprisonment

27. Plaintiff restates and incorporates by reference paragraphs 1-27 of this Complaint.

28. Defendant Ross ordered Plaintiff to get on the ground at gunpoint without any probable cause to believe that a crime had occurred or that Plaintiff had committed a crime.

29. Defendant Ross handcuffed Plaintiff behind his back still without any probable cause to believe that a crime had occurred or that Plaintiff had committed a crime.

30. Defendants Sullivan, Priest, and Pylak were present during all or part of Plaintiff's confinement.

31. Defendant Officers left Plaintiff handcuffed while they verified that Plaintiff had not violated any law by openly carrying his pistol.

32. Plaintiff was aware of, but was unable to object to his confinement, due to his state of extreme emotional distress.

33. Defendant Officers lacked legal authority to seize, detain, confine, imprison, and deprive Plaintiff of his liberties.  Defendant Officers were grossly negligent for unreasonably and unlawfully seizing and confining the Plaintiff.

### **Count 3 – Violation of Article 1 § 6 of the Michigan Constitution**

34. Plaintiff restates and incorporates by reference paragraphs 1-33 of this Complaint.

35. This cause arises under the Article 1 § 6 of the Michigan Constitution.

36. The acts described herein occurred on August 25, 2009, within the boundaries of Macomb County, in the Eastern District of the State of Michigan.

37. Article 1 § 6 of the Michigan Constitution states "[e]very person has a right to keep and bear arms for the defense of himself and the state."

38. Plaintiff exercised his right to bear arms as protected by Article 1 § 6 of the Michigan Constitution.  Defendants then violated Plaintiff's rights without justification or provocation by confiscating Plaintiff's pistol.

39. Defendants' conduct was undertaken under color of state law and operated to deprive Plaintiff of rights protected by Article 1 § 6 of the Michigan Constitution.

**Count 4 – Civil Rights Violation, 42 U.S.C. § 1983, §1988**

40. Plaintiff restates and incorporates by reference paragraphs 1-39 of this Complaint.

41. This cause arises under 42 U.S.C. § 1983 and 42 U.S.C. § 1988; wherefore, this Court has jurisdiction over the instant matter pursuant to 28 U.S.C. § 1343(a)(3) and § 1331.

42. The acts described herein occurred on August 25, 2009, within the Eastern District of the State of Michigan.

43. Prior to the events described herein, the Officers, City, Police Department, and Commissioner Dwyer developed and maintained policies, practices and/or customs exhibiting deliberate indifference to the constitutional rights of citizens, including the Plaintiff.

44. As applied by Defendants, the Statutes and Protocols violated the Plaintiff's rights against unreasonable searches and seizures under both the Fourth Amendment of the United States Constitution as incorporated by the 14th Amendment, and Art. I, §6 and §11 of the Michigan Constitution.

45. As a result of the Officers', City's, Police Department's, and Commissioner Dwyer's violations of Plaintiff's constitutional rights, Plaintiff suffered substantial injuries and damages.

46. During the events alleged in this Complaint, Defendants acted in concert, within the scope of their employment, and under color of state law.

47. Plaintiff exercised his 4th and 14th Amendment rights to be secured in his person against unreasonable and unlawful searches and seizures.

48. Plaintiff exercised his 2nd and 14th Amendment rights to bear arms.

49. Plaintiff exercised his 1st and 14th amendment rights to political speech and symbolic speech to increase awareness of a particular cause.

50. On August 25, 2009, Defendants Ross, Sullivan, Priest, and Pylak did assault and commit battery upon Plaintiff's person, and unreasonably and unlawfully seized, detained, falsely imprisoned, and deprived Plaintiff of his liberties without due process, without lawful justification, without reasonable suspicion, and without probable cause to believe a crime had been committed.

51. Plaintiff was aware of, but was unable to object to his confinement, due to his state of extreme emotional distress.

52. Defendants' conduct was undertaken under color of state law and operated to deprive Plaintiff of his federal rights guaranteed by the United States Constitution and Federal Statute.

53. Defendants violated 42 U.S.C. § 1983; Defendants' conduct operated to deprive Plaintiff of his federal rights guaranteed by the United States Constitution and Federal Statute.

## Count 5 – Violation of the 1st and 14th Amendments

54. Plaintiff restates and incorporates by reference paragraphs 1-53 of this Complaint.

55. This cause arises under the free speech and free expression guarantees in the 1st Amendment of the United States Constitution. The acts described herein occurred on August 25, 2009, within the boundaries of Macomb County, in the Eastern District of the State of Michigan.

56. Defendants violated the following Constitutional rights of Plaintiff:

    a. Plaintiff's right to core political speech protected by the 1st Amendment and incorporated against the states by the due process clause of the 14th Amendment, which includes conduct intended to rally public support for a particular cause.

    b. Plaintiff's right to symbolic expression protected by the 1st Amendment and incorporated against the states by the due process clause of the 14th Amendment, which includes conduct intended to increase awareness of a particular cause.

57. In openly carrying his pistol in public, Plaintiff was exercising his right to free speech and expression guaranteed by the 1st Amendment of the United States Constitution. Defendants then violated Plaintiff's rights without justification or provocation.

58. Defendants' conduct was undertaken under color of state law and operated to deprive Plaintiff of federal rights guaranteed by 1st Amendment of the United States Constitution and protected against infringement by the states in the 14th Amendment.

59. Defendants violated the 1st Amendment of the United States Constitution when their conduct operated to deprive Plaintiff of federal rights guaranteed by the United States Constitution.

### Count 6 – Violation of the 2nd and 14th Amendments

60. Plaintiff restates and incorporates by reference paragraphs 1-59 of this Complaint.

61. This cause arises under the 2nd Amendment to the United States Constitution as incorporated against the states by the 14th Amendment.

62. The acts described herein occurred on August 25, 2009, within the boundaries of Macomb County, in the Eastern District of the State of Michigan.

63. The 2nd Amendment of the United States Constitution states "… the right of the people to keep and bear Arms, shall not be infringed."

64. Plaintiff exercised his right to bear arms guaranteed by the 2nd Amendment of the United States Constitution. Defendants then violated Plaintiff's rights without justification or provocation by confiscating Plaintiff's pistol.

65. Defendants' conduct was undertaken under color of state law and operated to deprive Plaintiff of federal rights guaranteed by the 2nd Amendment of the United States Constitution and protected against infringement by the states in the 14th Amendment.

## Count 7 – Violation of the 4th and 14th Amendments

66. Plaintiff restates and incorporates by reference paragraphs 1-65 of this Complaint.

67. This cause arises under Article 1, Section 2 of the 4th Amendment of the United States Constitution as incorporated against the states by the 14th Amendment. The acts described herein occurred on August 25, 2009, within the boundaries of Macomb County, in the Eastern District of the State of Michigan.

68. Defendants violated the following Constitutional rights of Plaintiff:

    a. Plaintiff's right to liberty protected by the due process clause of the 14th Amendment, which includes personal safety and freedom from captivity.

    b. Plaintiff's right to fair and equal treatment guaranteed and protected by the equal protection clause of the 14th Amendment.

69. Plaintiff exercised his right to be free of unreasonable seizure guaranteed by Article 1, Section 2 of the 4th Amendment of the United States Constitution.

70. Defendants' conduct was undertaken under color of law and operated to deprive Plaintiff of a federal right guaranteed by Article 1, Section 2 of the 4th Amendment of the United States Constitution.

### Count 8 – Civil Conspiracy

71. Plaintiff restates and incorporates by reference paragraphs 1-70 of this Complaint.

72. The Civil Rights Act of 1866, as amended, 42 U.S.C. § 1985 and § 1986, prohibits conspiracies to interfere with civil rights.

73. Defendant Officers, Police Department, and Commissioner Dwyer violated 42 U.S.C. § 1985 in that they entered into an agreement and combined among themselves and/or with others to engage in unlawful conduct, i.e. depriving Plaintiff of rights guaranteed to him under the 1st, 2nd, 4th, and 14th Amendments to the United States Constitution.

74. Defendant Officers, Police Department, and Commissioner Dwyer each have done and/or have caused to be done acts in furtherance of this conspiracy whereby Plaintiff has been injured and has been deprived of rights guaranteed to him under the 1st, 2nd, 4th, and 14th Amendments to the United States Constitution.

75. Defendant Officers, Police Department, and Commissioner Dwyer each had actual knowledge of the conspiracies to deprive Plaintiff of his rights protected by § 1985, and each had the power and opportunity to prevent the violations from occurring and/or continuing and failed to do so.

76. As a direct and proximate result of the foregoing, Defendant Officers, Police Department, and Commissioner Dwyer have caused Plaintiff to suffer significant injuries, indignities, financial, and other damages and have deprived Plaintiff of his rights and privileges as a citizen of the United States.

WHEREFORE, pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, to the free speech and free expression guarantees in the 1st Amendment of the United States Constitution, to the right to keep and bear arms in the 2nd Amendment of the United States Constitution, to Article 1, Section 2 of the 4th Amendment of the United States Constitution; Plaintiff demands personal judgment against Defendants in the amount of One Hundred Thousand Dollars ($100,000.00) or such amount to which he is otherwise found to be entitled, plus costs, interest, attorney's fees, and an additional amount of Five Hundred Thousand Dollars ($500,000.00) for punitive and/or exemplary damages.

Respectfully submitted,
The Law Offices of Steven W. Dulan, P.L.C.
Attorneys for the Plaintiff Jeffery Haman

Dated: August 17, 2011        By: /s/ Steven W. Dulan
                                  Steven W. Dulan (P54914)
                                  1750 East Grand River Avenue, Suite 101
                                  East Lansing, Michigan 48823
                                  Telephone: (517) 332-3149